UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KFC CORPORATION and<br>KFC U.S. PROPERTIES, INC.,   )<br>  )<br>  )<br>      Plaintiffs,   )<br>v.   )<br>  )<br>EAGLE LANDING, INC., DAVID   )<br>W. SPICER and PHYLLIS S. SPICER,   )<br>  )<br>      Defendants.   )<br>  ) | CIVIL ACTION NO. 1:10-cv-11908 |

## **COMPLAINT**

### **PARTIES**

1.    Plaintiff, KFC Corporation, is a Delaware corporation with a principal place of business located at 1441 Gardiner Lane, Louisville, Kentucky.

2.    Plaintiff, KFC U.S. Properties, Inc., is a Delaware corporation with a principal place of business located at 1441 Gardiner Lane, Louisville, Kentucky.

3.    Collectively, Plaintiffs, KFC Corporation ("KFCC") and KFC U.S. Properties, Inc. ("KFCUSP") shall be referred to herein, collectively, as "Plaintiffs."

4.    Defendant, Eagle Landing, Inc. ("Eagle Landing"), upon information and belief, is a Massachusetts Corporation with a principal place of business located at 20 Shermans Way, Westwood, MA and may be served with process through its registered agent, David W. Spicer, 20 Shermans Way, Westwood, MA.

5.    Defendant, David W. Spicer, upon information and belief, is an individual residing at 20 Shermans Way, Westwood, MA.

6.  Defendant, Phyllis S. Spicer, upon information and belief, is an individual residing at 20 Shermans Way, Westwood, MA.

7.  Collectively, Defendants, Eagle Landing, Inc., David W. Spicer, and Phyllis S. Spicer, shall be referred to as the "Defendants."

## THE GROUND LEASE

8.  On December 20, 2001, KFC of America, Inc. ("KFCA") entered into a lease agreement ("the Ground Lease") with Hudson Trust ("Hudson") whereby KFCA agreed to lease the premises located at 106-128 Sharon Street, Stoughton, MA for a period of twenty (20) years. A true and accurate copy of the Ground Lease is attached hereto as Exhibit A.

9.  Pursuant to Basic Provisions, Paragraph 14 of the Ground Lease, KFCA was to pay rent for the first three (3) months after the rent commencement date in the amount of Five Thousand Nine Hundred Forty Three Dollars ($5,943.00) per month. See The Ground Lease, Basic Provisions, Paragraph 14, Exhibit A.

10. Pursuant to Basic Provisions, Paragraph 14 of the Ground Lease, after the first three (3) months, KFCA was to pay rent in the amount of Eight Thousand Three Hundred Thirty Four Dollars ($8,334.00) for years one (1) through five (5); Nine Thousand One Hundred Sixty Seven Dollars ($9,167.00) for years six (6) through ten (10); Ten Thousand Eighty Four Dollars ($10,084.00) for years eleven (11) through fifteen (15); and Eleven Thousand Ninety Two Dollars ($11,092.00) for years sixteen (16) through twenty (20). See The Ground Lease, Basic Provisions, Paragraph 14, Exhibit A.

## ASSIGNMENT OF GROUND LEASE FROM KFC OF AMERICA, INC.
## TO KFC U.S. PROPERTIES

11.     Effective December 31, 2002, KFCA assigned its rights, title and interest in the Ground Lease to Plaintiff KFCUSP. See Affidavit of Timothy Rook, Paragraph 3, Exhibit Q.

## ASSIGNMENT AND ASSUMPTION OF GROUND LEASE FROM KFC U.S.
## PROPERTIES, INC. TO EAGLE LANDING, INC.

12.     On September 19, 2005, Plaintiff KFCUSP, as successor by assignment to KFCA, and Defendant Eagle Landing entered into an Assignment and Assumption of Lease ("Assignment and Assumption of Lease") whereby KFCUSP assigned all of its rights, title and interest in the Ground Lease to Eagle Landing. A true and accurate copy of the Assignment and Assumption of the Lease is attached hereto as Exhibit B.

## CONTRACTUAL OBLIGATIONS –
## THE ASSIGNMENT AND ASSUMPTION OF THE LEASE

13.     Pursuant to Paragraph 2 of the Assignment and Assumption of Lease, Defendant Eagle Landing accepted the assignment and assumed all liabilities, agreements, covenants, obligations, duties, burdens and responsibilities of Plaintiff KFCUSP under the Ground Lease as of September 19, 2005. See Assignment and Assumption of Lease, Paragraph 2, Exhibit B.

14.     Pursuant to Paragraph 2 of the Assignment and Assumption of Lease, Defendant Eagle Landing covenanted and agreed to be bound by and perform all of the agreements, covenants, obligations, duties, burdens, and responsibilities of Assignor under the Ground Lease as of September 19, 2005. See Assignment and Assumption of Lease, Paragraph 2, Exhibit B.

15.     Pursuant to the Assignment and Assumption of Lease, Defendant Eagle Landing

3

thereby covenanted and agreed to pay to Hudson, the lessor of the subject property, rent in the amount of Eight Thousand Three Hundred Thirty Four Dollars ($8,334.00) for years one (1) through five (5); Nine Thousand One Hundred Sixty Seven Dollars ($9,167.00) for years six (6) through ten (10); Ten Thousand Eighty Four Dollars ($10,084.00) for years eleven (11) through fifteen (15); and Eleven Thousand Ninety Two Dollars ($11,092.00) for years sixteen (16) through twenty (20).

## THE STOUGHTON KFC FRANCHISE AGREEMENT AND THE STOUGHTON KFC CONTROL PERSON ADDENDUM

16.    On September 27, 2005, Plaintiff KFCC, the franchisor, issued a Kentucky Fried Chicken Franchise Agreement to Defendant Eagle Landing, as franchisee, for the operation of a KFC restaurant located at 120 Sharon Street, Stoughton, MA ("the Stoughton KFC"), which had an effective date of September 20, 2005. Said agreement shall be referred to herein as the "the Stoughton KFC Franchise Agreement." A true and accurate copy of the Stoughton KFC Franchise Agreement is attached hereto as Exhibit C.

17.    On September 28, 2005, Defendant Eagle Landing executed a "Control Person Addendum" through which it designated Defendant David W. Spicer as its authorized agent for all transactions with KFCC and the person responsible for the control and operations of the Stoughton KFC Franchise Agreement. Said agreement shall be referred to herein as the "the Stoughton KFC Control Person Addendum." A true and accurate copy of the Stoughton KFC Control Person Addendum is attached hereto as Exhibit D.

## THE WALPOLE KFC FRANCHISE AGREEMENT AND
## THE WALPOLE KFC CONTROL PERSON ADDENDUM

18.     On July 6, 2005, Plaintiff KFCC, the franchisor, issued a Kentucky Fried Chicken Franchise Agreement to Defendant Eagle Landing, as franchisee, for the operation of a KFC restaurant located at 561 Boston Providence Turnpike, Walpole, MA ("the Walpole KFC"), which had an effective date of September 24, 2008. Said agreement shall be referred to herein as the "the Walpole KFC Franchise Agreement." A true and accurate copy of the Walpole KFC Franchise Agreement is attached hereto as Exhibit E.

19.     On July 7, 2005, Defendant Eagle Landing executed a "Control Person Addendum" through which it designated Defendant David W. Spicer as its authorized agent for all transactions with KFCC and the person responsible for the control and operations of the Walpole KFC Franchise Agreement. Said agreement shall be referred to herein as the "the Stoughton KFC Control Person Addendum." A true and accurate copy of the Stoughton KFC Control Person Addendum is attached hereto as Exhibit F.

## CONTRACTUAL OBLIGATIONS –
## THE STOUGHTON KFC FRANCHISE AGREEMENT AND
## THE WALPOLE KFC FRANCHISE AGREEMENT

20.     Pursuant to Paragraph 8.1 of the Stoughton KFC Franchise Agreement and the Walpole KFC Franchise Agreement, Defendant Eagle Landing was obligated to pay royalties to KFCC on a monthly basis in consideration for the license granted by KFCC. See Exhibit C, Paragraph 8.1; See Exhibit E, Paragraph 8.1. Defendant Eagle Landing was also obligated to report revenues to KFCC when remitting its royalty payments. See Exhibit C, Paragraph 8.2; See Exhibit E, Paragraph 8.2.

21.     Pursuant to Paragraph 10.2 of the Stoughton KFC Franchise Agreement and the Walpole KFC Franchise Agreement, Defendant Eagle Landing was required to execute an advertising agreement with the KFC National Council and Advertising Cooperative, Inc. (the "National Co-Op"). See Exhibit C, Paragraph 10.2; See Exhibit E, Paragraph 10.2.

22.     Defendant Eagle Landing executed an Advertising Agreement for the Stoughton KFC Franchise on September 28, 2005. The advertising agreement between Defendant Eagle Landing and the National Co-Op for the Stoughton KFC restaurant shall be referred to as the "Stoughton KFC Advertising Agreement." A true and accurate copy of the Stoughton KFC Advertising Agreement for the Stoughton KFC Franchise is attached hereto as Exhibit G.

23.     Defendant Eagle Landing executed an Advertising Agreement for the Walpole KFC Franchise on July 7, 2005. The advertising agreement between Defendant Eagle Landing and the National Co-Op for the Walpole KFC restaurant shall be referred to as the "Walpole KFC Advertising Agreement." A true and accurate copy of the Walpole KFC Advertising Agreement for the Walpole KFC Franchise is attached hereto as Exhibit H.

24.     Pursuant to the Stoughton KFC Advertising Agreement, the Stoughton KFC Franchise Agreement, the Walpole KFC Advertising Agreement, and the Walpole KFC Franchise Agreement, Defendant Eagle Landing was obligated to make monthly advertising fee payments to the National Co-Op. The Stoughton KFC Advertising Agreement and Walpole KFC Advertising Agreement provide that the obligations to the National Co-Op are in addition to obligations under the Stoughton KFC Franchise Agreement and the Walpole KFC Franchise Agreement. See Exhibit G, Paragraphs 2(a) and 6; Exhibit C, Paragraph 10.1; See Exhibit H, Paragraphs 2(a) and 6; Exhibit E, Paragraph 10.1 Paragraph 8.1. Defendant Eagle Landing's obligations under the Stoughton KFC Advertising Agreement and Walpole KFC Franchise

Agreement may be enforced by KFC.  See Exhibit C, Paragraph 10.5; See Exhibit E, Paragraph 10.5.

## THE STOUGHTON KFC GUARANTY AGREEMENT AND
## THE WALPOLE KFC GUARANTY AGREEMENT

25.    On September 28, 2005, Defendants, David W. Spicer and Phyllis S. Spicer, executed a Guaranty Agreement for the Stoughton KFC restaurant.  Said agreement shall be referred herein as the "the Stoughton KFC Guaranty Agreement."  A true and accurate copy of the Stoughton KFC Guaranty Agreement is attached hereto as Exhibit I.

26.    On July 7, 2005, Defendants, David W. Spicer and Phyllis S. Spicer, executed a Guaranty Agreement for the Walpole KFC Restaurant.  Said agreement shall be referred herein as the "the Walpole KFC Guaranty Agreement."  A true and accurate copy of the Walpole KFC Guaranty Agreement is attached hereto as Exhibit J.

27.    Pursuant to the Stoughton KFC Guaranty Agreement and the Walpole KFC Guaranty Agreement, Defendants, David W. Spicer and Phyllis S. Spicer, on behalf of Defendant Eagle Landing, jointly and severally guaranteed, unconditionally and absolutely, to Plaintiff KFCC and/or the National Co-Op any indebtedness or obligations arising by any terms, covenants, or conditions of any Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts between Plaintiff KFCC and/or the National Co-Op, on the one side, and Defendants David W. Spicer and Phyllis S. Spicer, on the other, including without limitation, any representations, warranties, and indemnities contained in such Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts (collectively the "Guaranteed Obligations") relating to or arising out of the Stoughton

KFC Franchise located at 120 Sharon Street, Stoughton, Massachusetts and the Walpole KFC Franchise located at 561 Boston Providence Turnpike, Walpole, Massachusetts. See The Stoughton KFC Guaranty Agreement, Exhibit I; See The Walpole KFC Guaranty Agreement, Exhibit J;

## THE STOUGHTON KFC IMAGE ENHANCEMENT AGREEMENT

28.     On September 28, 2005, Plaintiff KFCC and Defendant Eagle Landing entered into an Image Enhancement Agreement for the Stoughton KFC restaurant("the Stoughton KFC Image Enhancement Agreement"). A true and accurate copy of the Stoughton KFC Image Enhancement Agreement is attached hereto as Exhibit K.

29.     Pursuant to Section III(B) of the Stoughton KFC Image Enhancement Agreement, Defendant Eagle Landing shall, at its sole cost and expense, be current in all financial obligations and debts to the National Co-Op and any KFC approved local co-op in Defendant Eagle Landing's locality or region arising under the Stoughton KFC Franchise Agreement, any advertising agreements, promissory notes or other evidences of indebtedness. See Stoughton KFC Image Enhancement Agreement, Paragraph III(B), Exhibit K.

## THE HUDSON TRUST LAWSUIT

30.     On January 5, 2010, Hudson, as lessor of the real property where the Stoughton KFC restaurant is located, filed a lawsuit against Defendant Eagle Landing, an assignee of the property, and KFCA a/k/a KFCUSP, as assignors of the subject property, in the Dedham District Court, Civil Action No. 1054 CV 0029, to recover amounts due from the Ground Lease, including: (1) annual base rent; (2) real estate taxes; and (3) other expenses and costs, including

reasonable attorneys fees, as set forth in the Ground Lease. Said lawsuit shall be referred to herein as the "the Hudson Trust lawsuit." A true and accurate copy of the Hudson Trust lawsuit is attached hereto as Exhibit L.

31.     Pursuant to Paragraph 6 of the Hudson Trust lawsuit, Hudson alleged that the lease permits assignment of the Ground Lease under certain circumstances and further provides "in any event, Tenant [now Plaintiff KFCUSP] shall remain liable for payment of all amounts due under this Lease if unpaid by the assignee [Defendant Eagle Landing] or sublessee." See Hudson Trust lawsuit, Paragraph 6, Exhibit L.

32.     Pursuant to Paragraph 7 of the Hudson Trust lawsuit, Hudson alleged that KFCUSP (by virtue of its assignment from KFCA), as the original tenant under the Ground Lease, remained liable for payment of all amounts due under the Lease if unpaid by its assignee, Defendant Eagle Landing. See Hudson Trust lawsuit, Paragraph 7, Exhibit L.

33.     Pursuant to Paragraphs 8 and 9 of the Hudson Trust lawsuit, Hudson alleged that Defendant Eagle Landing and KFCUSP failed and refused to pay monthly rent due under the Ground Lease for the months of October, November, December, 2009, and January 2010 in the total amount of Nine Thousand One Hundred Sixty Seven Dollars ($9,167.00) per month, totaling Thirty Six Thousand Six Hundred Sixty Eight Dollars ($36,668.00). See Hudson Trust lawsuit, Paragraphs 8 and 9, Exhibit L.

34.     Pursuant to Paragraph 10 of the Hudson Trust lawsuit, Hudson alleged that the Ground Lease also required that Defendant Eagle Landing and KFCUSP "shall pay all real property taxes and assessments levied against the Premises and the Tenant Improvements during the Lease term." See Hudson Trust lawsuit, Paragraph 10, Exhibit L.

35.   Pursuant to Paragraph 11 of the Hudson Trust lawsuit, Hudson alleged that Defendant Eagle Landing and KFC failed and refused to pay real property taxes on and after August, 2009, due to the Town of Stoughton, MA in the amount of Ten Thousand Nine Hundred Thirty Dollars ($10,930.00) and water and sewer charges due to the Town of Stoughton, MA in the amount of One Thousand Four Hundred Ninety Two Dollars and Thirty Six Cents ($1,492.36). See Hudson Trust lawsuit, Paragraph 11, Exhibit L.

36.   Pursuant to Paragraph 14 of the Hudson Trust Lawsuit, Hudson alleged that the Lease provided that "if an action is commenced to enforce any provisions of this Lease, the prevailing party as determined by a final court judgment shall be entitled to recover from the other party such reasonable attorneys fees and costs incurred in the action as the court may award." See Hudson Trust lawsuit, Paragraph 14, Exhibit L.

37.   Defendant Eagle Landing failed to pay the October, November, December, 2009, and January 2010 rent due to Hudson pursuant to the Ground Lease and Assignment and Assumption of the Ground Lease. See Affidavit of Timothy Rook, Paragraph 4, Exhibit Q.

38.   Defendant Eagle Landing thereafter failed to pay rent to Hudson pursuant to the Ground Lease and Assignment and Assumption of the Ground Lease. See Affidavit of Timothy Rook, Paragraph 5, Exhibit Q.

39.   In order to avoid further litigation, Plaintiff KFCUSP has paid the rent owed pursuant to the Ground Lease for the months of October 2009 through November 2010. See Affidavit of Timothy Rook, Paragraph 6, Exhibit Q.

40.   In order to avoid further litigation, KFCUSP paid real property taxes due to the Town of Stoughton, MA on and after May 1, 2009, in the amount of Ten Thousand Nine Hundred Thirty Dollars ($10,930.00) and water and sewer charges due to the Town of

Stoughton, MA in the amount of One Thousand Four Hundred Ninety Two Dollars and Thirty Six Cents ($1,492.36), and KFCUSP continues to pay real property taxes and water and sewer charges to date. See Affidavit of Timothy Rook, Paragraph 7, Exhibit Q.

41.     On August 10, 2010, Hudson dismissed without prejudice Eagle Landing and KFCUSP from the Hudson Trust lawsuit. See Affidavit of Timothy Rook, Paragraph 8, Exhibit Q.

42.     To date, KFCUSP continues to pay the monthly rent due under the lease, all real estate taxes, water/sewer taxes, and any attorneys' fees incurred by the Plaintiffs. See Affidavit of Timothy Rook, Paragraph 9, Exhibit Q.

## ADDITIONAL FACTS RELEVANT TO THE STOUGHTON KFC FRANCHISE

43.     On September 8, 2009, Defendant Eagle Landing closed the Stoughton KFC Franchise. See Affidavit of Timothy Rook, Paragraph 10, Exhibit Q.

44.     Prior to closing the Stoughton KFC Franchise, Defendant Eagle Landing failed to pay advertising fees due under the Stoughton KFC Franchise Agreement for July 2009, August 2009, and September 1-September 8, 2009. See Affidavit of Timothy Rook, Paragraph 11, Exhibit Q.

45.     By a letter dated November 19, 2009, KFCC notified Eagle Landing that it was in default under the Stoughton KFC Franchise Agreement because it failed to remit advertising contributions to the National Co-Op owed under the Stoughton KFC Franchise Agreement and Stoughton KFC Advertising Agreement("The Stoughton KFC Default Letter"). A true and accurate copy of the Stoughton KFC Default Letter is attached hereto as Exhibit M.

11

46.     Despite this notice of default, Defendant Eagle Landing failed to cure the default set out in the letter.  See Affidavit of Timothy Rook, Paragraph 12, Exhibit Q.

47.     Prior to closing the Stoughton KFC Franchise, Defendant Eagle Landing also failed to pay royalties due under the Stoughton KFC Franchise Agreement for August 2009 and September 1-September 8, 2009. See Affidavit of Timothy Rook, Paragraph 13, Exhibit Q.

## TERMINATION OF THE WALPOLE KFC FRANCHISE

48.     By letter dated December 18, 2009, KFCC notified Eagle Landing, through David Spicer, that it was in default under the Walpole KFC Franchise Agreement because it failed to remit to KFC monthly sales reports and royalty payments pertaining to the Walpole KFC Franchise Agreement(the "Walpole KFC Royalty Default Letter"). A true and accurate copy of the Walpole KFC Royalty Default Letter is attached hereto as Exhibit N.

49.     Pursuant to the Walpole KFC Royalty Default Letter dated December 18, 2009, KFCC notified Eagle Landing, through David Spicer, that pursuant to the Walpole KFC Franchise Agreement, Eagle Landing had thirty (30) days from the date of the Default Notice to pay in full, royalties owed to KFCC from the Walpole KFC for October, 2009. See Walpole KFC Royalty Default Letter, Exhibit N.

50.     Eagle Landing thereafter failed to pay royalties owed to KFCC from the Walpole KFC for October, 2009. See Affidavit of Timothy Rook, Paragraph 14, Exhibit Q.

51.     By letter dated February 5, 2010, KFCC advised the Franchisee that the Walpole KFC Franchise Agreement was terminated, effective immediately, pursuant to Section 17.3 of the Walpole KFC Franchise Agreement, for failure to cure the defaults set forth in the December

12

18, 2009 Default Notice(the "Walpole KFC Termination Letter"). A true and accurate copy of the Walpole KFC Termination Letter is attached hereto as Exhibit O.

52.     Pursuant to Section 17.3 of the Walpole KFC Franchise Agreement, Eagle Landing had thirty (30) days in which to remedy said default, i.e. pay royalties owed for October, 2009.

53.     Eagle Landing failed to pay royalties owed for October 2009 within thirty (30) days of the February 5, 2010 termination letter. See Affidavit of Timothy Rook, Paragraph 15, Exhibit Q. Eagle Landing subsequently paid amounts which were applied to royalties owed for October 2009 and February 2009, however, to date, Eagle has failed to pay royalties owed for December 2009, January 2010, February 2010, and March 2010.

54.     Upon termination of the Walpole KFC Franchise Agreement, the Franchisee was required to immediately comply with all of its post-termination obligations under the Walpole KFC Franchise Agreement, including but not limited to:

    (a)    Returning to KFCC all Confidential Operating Manuals, together with all other materials containing, in whole or in part, any KFC trade secrets, confidential materials, operating instructions, or business practices;

    (b)    Discontinuing the use of any and all service marks, trademarks and trade names of KFCC, and the use of any signs, menu board inserts, point of sale materials and printed goods bearing such marks or names or any reference thereto;

    (c)    Renovating or refurbishing the outlet sufficiently to eliminate any possibility of confusion in the mind of the public that the Franchise's outlet is in any manner connected with KFCC or any of its licensed Kentucky Fried Chicken outlets, including changing the building interior and exterior color scheme and removing glass, removing light fixtures, and other items bearing any of the marks, symbols, color schemes or identifications of KFCC or KFC outlets;

    (d)    Ceasing operating or doing business under any name or in any manner that might tend to give the general public the impression that the franchise with

KFCC is still in force, or that the Franchisee is in any way connected with KFCC or authorized to use KFCC trademarks;

(e) Ceasing making, using, or availing itself of any of the trade secrets, trademarks of, or information imparted by KFCC, and not disclosing or revealing any such other information or any portion thereof to others; and

(f) Removing the red and white striping of the outlet and any other characteristically designed roof features.

See Exhibit E, paragraph 3.4.


## COUNT I
## (BREACH OF CONTRACT – THE GROUND LEASE AND THE ASSIGNMENT AND ASSUMPTION OF THE LEASE)

55. Plaintiffs repeat and re-allege paragraphs 1 through 54 as though fully set forth herein.

56. Despite covenanting and agreeing, pursuant to the Assignment and Assumption of the Ground Lease, to be bound by and perform all of the agreements, covenants, obligations, duties, burdens, and responsibilities of KFCUSP under the Ground Lease, Defendant Eagle Landing has failed to pay to Hudson rent owed from October 2009 to the present, real estate taxes from October 2009 to the present, water/sewer taxes from October 2009 to the present, and attorneys' fees incurred by attorneys for Hudson from 2009 to the present. See Affidavit of Timothy Rook, Paragraph 16, Exhibit Q.

57. KFCUSP, as the original tenant under the Ground Lease via the assignment to KFCUSP from KFCA, remained liable for payment of all amounts due under the Ground Lease if unpaid by its assignee, Defendant Eagle Landing. See Hudson Trust lawsuit, Paragraph 7, Exhibit L.

58. KFCUSP has paid Hudson all rent due under the Ground Lease from October 2009 through November 2010, a period of thirteen (14) months. See Affidavit of Timothy Rook, Paragraph 17, Exhibit Q.

59. At Nine Thousand One Hundred Sixty Seven Dollars ($9,167.00) per month, to date KFCUSP has paid Hudson rent due pursuant to the Ground Lease in the amount of One Hundred Twenty Eight Thousand Three Hundred Thirty Eight Dollars ($128,338.00). See Affidavit of Timothy Rook, Paragraph 18, Exhibit Q.

60. In addition, to date, KFCUSP has paid real estate taxes in the amount of Twenty Three Thousand Dollars ($23,0000), Water/Sewer Taxes in the amount of One Thousand Eight Hundred Dollars ($1,800.00), and Attorneys' Fees in the amount of Five Thousand Sixty One Dollars ($5,061.00). See Affidavit of Timothy Rook, Paragraph 19, Exhibit Q.

61. KFCUSP has performed all of its obligations under the Ground Lease. See Affidavit of Timothy Rook, Paragraph 20, Exhibit Q.

62. Defendant Eagle Landing has defaulted on their obligations under the Assignment and Assumption of the Ground Lease. See Affidavit of Timothy Rook, Paragraph 21, Exhibit Q.

63. WHEREFORE, KFCUSP is entitled to a judgment against Defendants Eagle Landing, David W. Spicer, and Phyllis S. Spicer in the amount of One Hundred Fifty Eight Thousand One Hundred Ninety Nine Dollars ($158,199.00) owed to them pursuant to the Assignment and Assumption of the Ground Lease and the Stoughton KFC Guaranty Agreement.

## COUNT II
## (BREACH OF CONTRACT – THE STOUGHTON KFC FRANCHISE AGREEMENT)

64. The Plaintiffs repeat and re-allege paragraphs 1 through 63 as though fully set forth herein.

15

65.     Pursuant to the Stoughton KFC Franchise Agreement dated September 27, 2005, but effective September 20, 2005, Defendant Eagle Landing was obligated to pay royalties to KFCC on a monthly basis in consideration for the license granted by KFCC. See Exhibit C, Paragraph 8.1.

66.     Pursuant to the Stoughton KFC Advertising Agreement and Stoughton Franchise Agreement, Defendant Eagle Landing was also obligated to make monthly advertising fee payments to the National Co-Op. See Exhibit G, Paragraphs 2(a) and 6; Exhibit C, Paragraph 10.1

67.     Defendant Eagle Landing's obligations to the National Co-Op were for the benefit of Plaintiff KFCC and may be enforced by Plaintiff KFCC. See Stoughton KFC Franchise Agreement, Paragraph 10.5, Exhibit C.

68.     Defendant Eagle Landing has failed and refused to submit the required monthly reports of its actual sales for the Stoughton KFC, and it has failed and refused to submit the required royalties for the Stoughton KFC for August 2009 and September 1-8, 2009 due to KFCC based on those sales in breach of Paragraph 8.1 of the Stoughton KFC Franchise Agreement. See Affidavit of Timothy Rook, Paragraph 22, Exhibit Q.

69.     Based on previous royalties, KFCC has calculated that Defendants owe royalties for the Stoughton KFC for August 2009 in the amount of One Thousand Nine Hundred Thirty Seven Dollars and Forty Five Cents ($1,937.45) and for September 1-8, 2009 in the amount of Two Hundred Twenty Dollars ($220.00) for a total of Two Thousand One Hundred Fifty Seven Dollars and Forty Five Cents ($2,157.45). See Affidavit of Timothy Rook, Paragraphs 23-25, Exhibit Q.

70. Further, Defendant Eagle Landing has also failed to pay the National Co-Op the required advertising fees for the Stoughton KFC for July 2009, August 2009, and September 1-September 8, 2009 in breach of Paragraph 10.1 of the Stoughton KFC Franchise Agreement and Paragraph 2(a) of the Stoughton KFC Advertising Agreement. See Affidavit of Timothy Rook, Paragraph 26, Exhibit Q. As a result, KFCC is permitted to seek legal redress for this breach under the terms of the Stoughton KFC Franchise Agreement. See Stoughton KFC Franchise Agreement, Paragraph 10.5, Exhibit C.

71. Based on previous advertising fees, KFCC has calculated that Defendants owe Advertising Fees for the Stoughton KFC for July 2009 in the amount of One Thousand Five Hundred Eight Dollars and Three Cents ($1,508.03), for August 2009 in the amount of One Thousand Five Hundred Fifty Eight Dollars and Thirty Seven Cents ($1,558.37), and for September 1-8, 2009 in the amount of Four Hundred Two Dollars and Sixteen Cents ($402.16) for a total of Three Thousand Four Hundred Sixty Eight Dollars and Fifty Six Cents ($3,468.56). See Affidavit of Timothy Rook, Paragraphs 27-29, Exhibit Q.

72. Consequently, Defendants have defaulted on their obligations under the Stoughton KFC Franchise Agreement and the Stoughton KFC Advertising Agreement. See Affidavit of Timothy Rook, Paragraph 30, Exhibit Q.

73. KFCC has performed all of its obligations under the Stoughton KFC Franchise Agreement and Stoughton KFC Advertising Agreement. See Affidavit of Timothy Rook, Paragraph 31, Exhibit Q.

74. KFCC is entitled to judgment on all amounts owed to it and the National Co-Op by Defendants under the Stoughton KFC Franchise Agreement and Stoughton KFC Advertising Agreement.

75. In addition to judgment entered in its favor, KFCC is entitled to recover reasonable attorneys' fees, court costs and all of KFCC's expenses in connection with this action. See Stoughton KFC Franchise Agreement, Paragraph 20.3, Exhibit C.

76. WHEREFORE, KFCC prays that judgment be entered in its favor and against the Defendants in the amount of Five Thousand Six Hundred Twenty Six Dollars and One Cent ($5,626.01), that damages be awarded, including reasonable attorneys' fees, court costs and expenses incurred in connection with this action, and for such other relief that the Court deems just.

**COUNT III**
**(BREACH OF CONTRACT – THE WALPOLE KFC FRANCHISE AGREEMENT)**

77. The Plaintiffs repeat and re-allege paragraphs 1 through 76 as though fully set forth herein.

78. Pursuant to the Walpole KFC Franchise Agreement dated July 6, 2005, but effective September 24, 2008, Defendant Eagle Landing was obligated to pay royalties to KFCC on a monthly basis in consideration for the license granted by KFCC. See Exhibit E, Paragraph 8.1.

79. Pursuant to the Walpole KFC Advertising Agreement and Walpole Franchise Agreement, Defendant Eagle Landing was also obligated to make monthly advertising fee payments to the National Co-Op. See Exhibit H, Paragraphs 2(a) and 6; Exhibit E, Paragraph 10.1

80. Defendant Eagle Landing's obligations to the National Co-Op were for the benefit of Plaintiff KFCC and may be enforced by Plaintiff KFCC. See Walpole KFC Franchise Agreement, Paragraph 10.5, Exhibit E.

81.     Defendant Eagle Landing has failed and refused to submit the required monthly reports of its actual sales for the Walpole KFC, and it has failed and refused to submit the required royalties for the Walpole KFC for December 2009, January 2010, February 2010, and March 2010 due to KFCC based on those sales in breach of Paragraph 8.1 of the Walpole KFC Franchise Agreement. See Affidavit of Timothy Rook, Paragraph 32, Exhibit Q.

82.     Based on previous sales, KFCC has calculated that Defendants owe royalties for the Walpole KFC for December 2009 in the amount of Three Thousand One Hundred Eighty Five Dollars and Forty Three Cents ($3,185.43), for January 2010 in the amount of Three Thousand Two Hundred Ninety One Dollars and Sixty One Cents ($3,291.61), for February 2010 in the amount of Two Thousand Nine Hundred Seventy Three Dollars and Seven Cents ($2,973.07), and for March 31, in the amount of One Thousand Sixty One Dollars and Eighty One Cents ($1,061.81) for a total of Ten Thousand Five Hundred Eleven Dollars and Ninety Two Cents ($10,511.92). See Affidavit of Timothy Rook, Paragraph 33, Exhibit Q.

83.     Further, Defendant Eagle Landing has also failed to pay the National Co-Op the required advertising fees the Walpole KFC for September 2009, October 2009, November 2009, December 2009, January 2010, February 2010 and March 2010 in breach of Paragraph 10.1 of the Walpole KFC Franchise Agreement and Paragraph 2(a) of the Walpole KFC Advertising Agreement. See Affidavit of Timothy Rook, Paragraph 34, Exhibit Q. As a result, KFCC is permitted to seek legal redress for this breach under the terms of the Walpole KFC Franchise Agreement. See Walpole KFC Franchise Agreement, Paragraph 10.5, Exhibit E.

84.     Based on previous sales, KFCC has calculated that Defendants owe Advertising Fees for the Walpole KFC for September 2009 in the amount of Two Thousand Three Hundred Twenty Six Dollars and Eighty Cents ($2,326.80), for October 2009 in the amount of Two

Thousand Four Hundred Four Dollars and Forty Eight Cents ($2,404.48), for November 2009 in the amount of Two Thousand Three Hundred Twenty Six Dollars and Eighty Cents ($2,326.80), for December 2009 in the amount of Two Thousand Four Hundred Four Dollars and Forty Eight Cents ($2,404.48), for January 2009 in the amount of Two Thousand Four Hundred Four Dollars and Forty Eight Cents ($2,404.48), for February 2009 in the amount of Two Thousand One Hundred Seventy One Dollars and Sixty Eight Cents ($2,171.68), and for March 2009 in the amount of Eight Hundred One Dollars and Fifty Cents ($801.50) for a total of Fourteen Thousand Eight Hundred Forty Dollars and Twenty Two Cents ($14,840.22). See Affidavit of Timothy Rook, Paragraph 35, Exhibit Q.

85. Pursuant to the Walpole Franchise Agreement, upon any termination of said Agreement, the Franchisee was required to immediately comply with all of its post-termination obligations under the Walpole KFC Franchise Agreement, including:

> (c) Renovating or refurbishing the outlet sufficiently to eliminate any possibility of confusion in the mind of the public that the Franchise's outlet is in any manner connected with KFCC or any of its licensed Kentucky Fried Chicken outlets, including changing the building interior and exterior color scheme and removing glass, removing light fixtures, and other items bearing any of the marks, symbols, color schemes or identifications of KFCC or KFC outlets;

> (f) Removing the red and white striping of the outlet and any other characteristically designed roof features.

See Exhibit E, paragraph 3.4.

86. Despite the termination of the Walpole KFC Franchise Agreement, effective February 5, 2010, Defendant failed to comply with its post-termination obligations detailed in paragraph 3.4(c) and (f) of the Walpole Franchise Agreement. See Termination Letter dated February 5, 2010, attached hereto as Exhibit O; See Affidavit of Timothy Rook, Paragraph 36, Exhibit Q.

20

87.     Due to Defendants failure to comply with paragraph 3.4(c) and (f) of the Walpole Franchise Agreement, KFCC has incurred costs in the amount of Eight Thousand Five Hundred Dollars ($8,500.00) to renovate and refurbish the Walpole KFC. A true and accurate copy of the Walpole KFC De-Imaging Invoice is attached hereto as Exhibit P; See Affidavit of Timothy Rook, Paragraph 37, Exhibit Q.

88.     Consequently, Defendants have defaulted on their obligations under the Walpole KFC Franchise Agreement and Walpole KFC Advertising Agreement. See Affidavit of Timothy Rook, Paragraph 38, Exhibit Q.

89.     KFCC has performed all of its obligations under the Walpole KFC Franchise Agreement and Walpole KFC Advertising Agreement. See Affidavit of Timothy Rook, Paragraph 39, Exhibit Q.

90.     KFCC is entitled to judgment on all amounts owed to it and the National Co-Op by Defendants under the Walpole KFC Franchise Agreement and Walpole KFC Advertising Agreement.

91.     In addition to judgment entered in its favor, KFCC is entitled to recover reasonable attorneys' fees, court costs and all of KFCC's expenses in connection with this action. See Walpole KFC Franchise Agreement, Paragraph 20.3, Exhibit E.

92.     WHEREFORE, KFCC prays that judgment be entered in its favor and against the Defendants in the amount of Thirty Three Thousand Eight Hundred Fifty Two Dollars and Fourteen Cents ($33,852.14), that damages be awarded, including reasonable attorneys' fees, court costs and expenses incurred in connection with this action, and for such other relief that the Court deems just.

## COUNT IV
## (BREACH OF CONTRACT – STOUGHTON KFC GUARANTY AGREEMENT)

93.     Plaintiffs repeat and re-allege paragraphs 1 through 92 as though fully set forth herein.

94.     Defendants David W. Spicer and Phyllis S. Spicer signed a Guaranty Agreement for the Stoughton KFC restaurant whereby they guaranteed, jointly and severally, unconditionally and absolutely, to KFCC and/or the National Co-Op any indebtedness or obligations arising by any terms, covenants, or conditions of any Franchise Agreements, Advertising Agreements, Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or Contracts between KFC and/or the National Co-Op, on the one hand, and Defendants David W. Spicer and Phyllis S. Spicer, on the other, relating to or arising out of the KFC franchise restaurant located at 120 Sharon Street, Stoughton, Massachusetts. See The Stoughton KFC Guaranty Agreement, Exhibit I.

95.     Defendants David W. Spicer and Phyllis S. Spicer have failed and refused to pay the indebtedness of Defendant Eagle Landing as required by the terms of the Stoughton KFC Guaranty Agreement.  See Affidavit of Timothy Rook, Paragraph 40, Exhibit Q.

96.     Because Defendant Eagle Landing has defaulted on the payment of its indebtedness and obligations to KFCC and KFCUSP, arising out of, among other obligations, the Assignment and Assumption of the Ground Lease, the Stoughton KFC Franchise Agreement and Stoughton Advertising Agreement, Defendants David W. Spicer and Phyllis S. Spicer, pursuant to the Guaranty Agreement, are liable for the full performance, payment and discharge of such indebtedness and obligations, including, among other obligations:  (a) rent due under the Ground Lease from October 2009 through November 2010, a period of thirteen (14) months, at Nine Thousand One Hundred Sixty Seven Dollars ($9,167.00) per month, for a total of One Hundred

22

Twenty Eight Thousand Three Hundred Thirty Eight Dollars ($128,338.00); (b) real estate taxes in the amount of Twenty Three Thousand Dollars ($23,0000); (c) Water/Sewer Taxes in the amount of One Thousand Eight Hundred Dollars ($1,800.00); (d) Hudson's Attorneys' Fees paid by KFCUSP in the amount of Five Thousand Sixty One Dollars ($5,061.00); (e) royalties due to KFCC in the amount of Two Thousand One Hundred Fifty Seven Dollars and Forty Five Cents ($2,157.45); (f) advertising fees due to KFCC and/or the National Co-Op in the amount of Three Thousand Four Hundred Sixty Eight Dollars and Fifty Six Cents ($3,468.52); and (g) and KFCUSP's reasonable attorneys' fees, court costs, and expenses incurred in connection with this action.

97.  KFCC and the National Co-Op have performed all of their obligations under the Ground Lease, the Assignment and Assumption of Ground Lease, the Stoughton KFC Franchise Agreement and the Stoughton Advertising Agreement.  See Affidavit of Timothy Rook, Paragraph 41, Exhibit Q.

98.  Plaintiffs KFCC and KFCUSP are entitled to a judgment against Defendants David W. Spicer and Phyllis S. Spicer for all amounts owed them by Defendant Eagle Landing under the Ground Lease, Assignment and Assumption of Ground Lease the Stoughton KFC Franchise Agreement, the Stoughton Advertising Agreement, and the Stoughton KFC Guaranty Agreement.

99.  WHEREFORE, Plaintiffs KFCC and KFCUSP pray that judgment be entered in their favor and against Defendants, Eagle Landing, David W. Spicer, and Phyllis S. Spicer, jointly and severally, in the amount of One Hundred Sixty Three Thousand Eight Hundred Twenty Five Dollars and One Cent ($163,825.01), that damages be awarded, including

reasonable attorneys' fees, court costs and expenses incurred in connection with this action, and

for such other relief that the Court deems just.

## COUNT V
## (BREACH OF CONTRACT – WALPOLE KFC GUARANTY AGREEMENT)

100.    Plaintiffs repeat and re-allege paragraphs 1 through 99 as though fully set forth

herein.

101.    Defendants David W. Spicer and Phyllis S. Spicer signed a Guaranty Agreement

for the Walpole KFC restaurant whereby they guaranteed, jointly and severally, unconditionally

and absolutely, to KFCC and/or the National Co-Op any indebtedness or obligations arising by

any terms, covenants, or conditions of any Franchise Agreements, Advertising Agreements,

Leases, Subleases, Promissory Notes, Mortgages, Deeds of Trust, Security Agreements, or

Contracts between KFC and/or the National Co-Op, on the one hand, and Defendants David W.

Spicer and Phyllis S. Spicer, on the other, relating to or arising out of the KFC franchise

restaurant located at 561 Boston Providence Turnpike, Walpole, MA. See The Walpole KFC

Guaranty Agreement, Exhibit J.

102.    Defendants David W. Spicer and Phyllis S. Spicer have failed and refused to pay

the indebtedness of Defendant Eagle Landing as required by the terms of the Walpole KFC

Guaranty Agreement.    See Affidavit of Timothy Rook, Paragraph 42, Exhibit Q.

103.    Because Defendant Eagle Landing has defaulted on the payment of its

indebtedness and obligations to KFCC and KFCUSP, arising out of, among other obligations, the

Walpole KFC Franchise and Walpole Advertising Agreements, Defendants David W. Spicer and

Phyllis S. Spicer, pursuant to the Guaranty Agreement, are liable for the full performance,

payment and discharge of such indebtedness and obligations, including, among other obligations:

24

(a) royalties due to KFCC in the Ten Thousand Five Hundred Eleven Dollars and Ninety Two Cents ($10,511.92) ; (b) advertising fees due to KFCC and/or the National Co-Op in the amount of Fourteen Thousand Eight Hundred Forty Dollars and Twenty Two Cents ($14,840.22) ; (c) costs in the amount of Eight Thousand Five Hundred Dollars ($8,500.00) to renovate and refurbish the Walpole KFC; and (d) and KFCUSP's reasonable attorneys' fees, court costs, and expenses incurred in connection with this action.

104.    KFCC and the National Co-Op have performed all of their obligations under the Walpole KFC Franchise Agreement and the Walpole KFC Advertising Agreement.  See Affidavit of Timothy Rook, Paragraph 43, Exhibit Q.

105.    Plaintiffs KFCC and KFCUSP are entitled to a judgment against Defendants David W. Spicer and Phyllis S. Spicer for all amounts owed them by Defendant Eagle Landing under the Walpole KFC Franchise Agreement, the Walpole Advertising Agreement, and the Walpole KFC Guaranty Agreement.

106.    WHEREFORE, Plaintiffs KFCC and KFCUSP pray that judgment be entered in their favor and against Defendants, Eagle Landing, David W. Spicer, and Phyllis S. Spicer, jointly and severally, in the amount of Thirty Three Thousand Eight Hundred Fifty Two Dollars and Fourteen Cents ($33,852.14), that damages be awarded, including reasonable attorneys' fees, court costs and expenses incurred in connection with this action, and for such other relief that the Court deems just.

## COUNT VI
## (BREACH OF CONTRACT –
## THE STOUGHTON KFC IMAGE ENHANCEMENT AGREEMENT)

107.    Plaintiffs repeat and re-allege paragraphs 1 through 106 as though fully set forth herein.

25

108.     Defendants have failed and refused to pay the indebtedness of Eagle Landing, as required by Section III(B) of the Stoughton KFC Image Enhancement Agreement. See Affidavit of Timothy Rook, Paragraph 44, Exhibit Q.

109.     Because Defendant Eagle Landing has defaulted on the payment of its indebtedness and obligations to Plaintiffs KFCC and KFCUSP, arising out of, among other obligations, the Stoughton KFC Advertising Agreement and the Stoughton KFC Franchise Agreement, Defendant Eagle Landing, pursuant to the Stoughton KFC Image Enhancement Agreement, is liable for the full performance, payment and discharge of such indebtedness and obligations, including, among other obligations: (a) advertising fees due to KFCC in the amount of Three Thousand Four Hundred Sixty Eight Dollars and Fifty Six Cents ($3,468.56); and (b) KFCC's reasonable attorneys' fees, court costs, and expenses incurred in connection with this action.

110.     KFCC has performed all of its obligations under the Stoughton KFC Advertising Agreement and the Stoughton KFC Franchise Agreement. See Affidavit of Timothy Rook, Paragraph 31, Exhibit Q.

111.     KFCC is entitled to a judgment against Eagle Landing for all amounts owed it by Defendant Eagle Landing under the Stoughton KFC Advertising Agreement and Stoughton KFC Franchise Agreement.

112.     WHEREFORE, KFCC prays that judgment be entered in its favor and against Defendants in the amount of Three Thousand Four Hundred Sixty Eight Dollars and Fifty Six Cents ($3,468.56), that damages be awarded, including reasonable attorneys' fees, court costs and expenses incurred in connection with this action, and for such other relief that the Court deems just.

## PRAYER

113.    WHEREFORE, pursuant to the Assignment and Assumption of the Ground Lease, the Stoughton KFC Franchise Agreement, Stoughton KFC Advertising Agreement, the Stoughton KFC Guaranty Agreement, Stoughton KFC Image Enhancement Agreement, the Walpole KFC Franchise Agreement, Walpole KFC Advertising Agreement, and the Walpole KFC Guaranty Agreement, Plaintiffs KFCC and KFCUSP pray that judgment be entered in the their favor and against Defendants Eagle Landing, Inc., David W. Spicer, and Phyllis S. Spicer, jointly and severally, in the amount of One Hundred Ninety Seven Thousand Six Hundred Seventy Seven Dollars and Fifteen Cents ($197,677.15), that damages be awarded, including Plaintiffs' reasonable attorneys' fees, court costs, and expenses incurred in connection with this action, and for such other relief as the Court deems just.

Dated this 5th day of November, 2010.

Respectfully submitted,
KFC Corporation and KFC
U.S. Properties, Inc.
By their attorneys,

/s/ Lawrence R. Holland
Lawrence R. Holland, Esq.
BBO#554839
Alan J. Kowalczyk, Esq.
BBO#652187
Tucker and Associates, LLC
300 Centerville Road
Warwick, RI 02886
(401) 843-8400